```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 SHAWN HAMLETT,

                        Plaintiff,            MEMORANDUM & ORDER
                                               23-CV-8187 (EK)(CLP)

            -against-

 CITY OF NEW YORK, et al.,

                        Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Shawn Hamlett, currently incarcerated at Charlotte Correctional Institution in Punta Gorda, Florida, brings this *pro se* action against the City of New York and others, pursuant to 42 U.S.C. § 1983, seeking to proceed *in forma pauperis* ("IFP"). Plaintiff's application to proceed *in forma pauperis* is denied because Plaintiff is barred from filing any new IFP action while a prisoner under the "three strikes" provision of 28 U.S.C. § 1915(g).

        28 U.S.C. § 1915(g) bars prisoners from proceeding *in forma pauperis* after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim. This provision, commonly known as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

> or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) ("Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without."); *Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)); *see also Carolina v. Rubino*, 644 F. App'x 68 (2d Cir. 2016) (same).

Here, a review of the Public Access to Court Electronic Records (PACER) system, a national database of cases filed in the federal courts, reveals that while incarcerated, Plaintiff has had three or more prior prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted.[1]  *See also Hamlet v. Joseph*, 2:16-cv-1038, ECF No. 4 (M.D.Fla. Sept. 30, 2016) (collecting cases).[2]  Plaintiff does not allege that he is under imminent danger of serious physical harm, and so cannot overcome the three strikes provision on this basis.

---

[1] *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=a2465765a1f54b80bff7168655db6ece (last visited 11/27/23).

[2] Noting that Plaintiff is also known as Nino Francois.

Dismissal is the proper remedy when a plaintiff seeks *in forma pauperis* status but is ineligible to receive such status under 28 U.S.C. § 1915(g). *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) ("The district court correctly concluded that [the plaintiff] was barred by the [Prison Litigation Reform Act's] three strikes provision from proceeding [*in forma pauperis*], and, therefore, properly dismissed his complaint.").[3] A district court need not hold an incarcerated plaintiff's lawsuit "in abeyance until he is able to pay the filing fees," so long as the dismissal is "without prejudice to [the plaintiff's] right to file new actions with payment of the filing fees." *Akassy v. Hardy*, 887 F.3d 91, 98 (2d Cir. 2018) (holding that "the district court plainly ha[d] the authority to dismiss an action filed in contravention" of 28 U.S.C. § 1915(g) and did not "abuse [its] discretion" by dismissing plaintiff's case without prejudice).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied and this case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert his claims, he must file a new action and pay the $402.00 filing fee to the Clerk of Court of the Eastern District of New York.

---

[3] Case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                  /s/ Eric Komitee  
                                                  ERIC KOMITEE  
                                                  United States District Judge

Dated:    December, 18, 2023  
             Brooklyn, New York